UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                                  Case No: 2:13-cr-96-FtM-38CM

BRIAN ROBERT HARLING
_____

### ORDER

Before the Court are Defendant's Motion to Exceed Local Page Limit Restriction ("Motion to Exceed") (Doc. 86), filed on June 10, 2014, and Defendant's Motion for Correction of Official Transcript ("Motion for Correction") (Doc. 87), filed on June 18, 2014 (collectively, "Motions"). Given the procedural posture of the case and that it is currently set for the September 2014 trial term, the Court will address the Motions without the benefit of the Government's responses.

   I.   *Motion to Exceed*

On April 29, 2014, the Court issued a Report and Recommendation ("R&R") (Doc. 74) recommending that Defendant's Motion to Suppress (Doc. 29) be denied. Defendant requested and was granted two extensions in which to file his objections. (Docs. 77, 80). Nonetheless, without first obtaining leave of the Court to exceed the twenty page limit prescribed by Middle District of Florida Local Rule 3.01(b), on June 6, 2014 Defendant filed a sixty-nine page Objection to Report and Recommendation ("Objection") (Doc. 82). Four days later, Defendant filed his Motion to Exceed. The Local Rules require that a party request leave to exceed the local page limit *prior* to filing the document, only specify the length of the proposed filing and not include the

proposed filing as an attachment "or otherwise."[1] M.D. Fla. R. 3.01(d). While the Court may well have been amenable to granting excess pages in light of the length (52 pages) of the R&R, the Court believes sixty-nine pages is excessive. Ordinarily, a document of that length filed without leave to exceed the page limit would be stricken by the Court without further notice, and Defendant's motion denied as untimely. Given the procedural posture of the case, however, the multiple extensions of time to file granted to the parties on this issue and that the case is set for trial in September 2014, the Court will grant Defendant's Motion to Exceed and will accept Defendant's previously filed Objection. Defense counsel is advised that future such filings without leave of Court will be stricken without notice.

## II. *Motion for Correction*

Also untimely filed is Defendant's Motion for Correction (Doc. 87). The Official Transcript of the suppression hearing was filed on March 26, 2014. Docs. 61-62. The following day, a Notice to Counsel of Filing Official Transcript was entered in the record. Doc. 63. Defendant, however, waited nearly three months after the transcript was filed and nearly two months after the R&R was filed to

---

[1] Local Rule 3.01(d) provides, in relevant part:

> A motion requesting leave to file . . . a response in excess of twenty (20) pages . . . shall specify the length of the *proposed* filing and shall not include, as an attachment or otherwise, the *proposed* motion, reply, or other paper.

M.D. Fla. R. 3.01(d) (emphasis added).

petition the Court for leave to correct the transcript.[2] Notwithstanding its untimeliness, for the additional reasons stated herein, the motion will be denied.

Title 28, United States Code, Section 753 addresses court reporters in the federal courts. That statute provides, in relevant part:

> The transcript in any case certified by the reporter or other individual designated to produce the record shall be deemed prima facie a correct statement of the testimony taken and proceedings had.

28 U.S.C. § 753(b). Although the former Fifth Circuit[3] has stated that this provision "clearly implies that the record may be corrected . . . ," *United States v. Smith*, 433 F.2d 149, 151 (5th Cir. 1970), "[u]nsubstantiated assertions that the record is wrong are not sufficient to overcome this statutory presumption." *United States v. Poynter*, 908 F.Supp.2d 30, 38 (D.D.C. 2012) (citing *Veillon v. Exploration Servs., Inc.*, 876 F.2d 1197, 1201 (5th Cir. 1989); *United States v. Riggs*, No. 2:10CR00002-004, 2012 WL 10287, at *1 (W.D.Va. Jan. 3, 2012)); *see also Williams v. Sprint/United Management Co.*, No. 03-2200-JWL, 2008 WL 5377839, at *1 (D.Kan. Dec. 19, 2008) (same); *United States v. DiPietro*, No. 02 Cr. 1237(SWK), 2007 WL 2164262 (S.D.N.Y. July 25, 2007) (finding that "clear evidence" of error is required level of proof for district court to correct transcript).

---

[2] Defendant's Objection contains footnotes that raise similar arguments as to the accuracy of the transcript with respect to the four claims of error raised in the Motion for Correction and "suggestions" as to what the correct statements "probably" were. *See* Doc. 82 at 39 n.18, 41 n.19, 43 n.20 and 43 n.21.

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent decisions of the former Fifth Circuit rendered before October 1, 1981.

In support of the Motion for Correction, Defendant states that "[o]n several occasions during the suppression hearing," counsel for Defendant indicated that he "was having a hard time hearing," and the Court also "acknowledged that it was difficult to hear." Doc. 87 at 1. Upon reading the transcript, Defendant asserts there are at least four errors, which he contends "may impact the arguments" in this case: Doc. 62 page 253, line 11; Doc. 62 page 299, line 3; Doc. 62, page 284, line 1; and Doc. 62, page 284, line 9. Doc. 87 at 2-3. Each of the alleged transcription errors occurred during defense counsel's cross-examination of Detective Richard Meeks of the Fort Myers Police Department, and the Court will address each in turn.

  a. *Doc. 62, page 253, line 11*

The first testimony that Defendant believes to be incorrectly transcribed, Detective Meeks' statement that "[y]es. He said he *did wish* to waive his rights, but he wanted to talk to us to find out more about the investigation[,]" occurred as part of the following exchange:

> [Defense Counsel]: And at the time that you came into contact with Mr. Harling, was he provided with his Miranda warnings?
>
> [Detective Meeks]: Yes. That was read to him and explained.
>
> [Defense Counsel]: Was he in custody at that time - -
>
> [Detective Meeks]: No - -
>
> [Defense Counsel]: - - and placed under arrest?
>
> [Detective Meeks]: No, he was not. He was free to leave.
>
> [Defense Counsel]: Had he been detained in any way?
>
> [Detective Meeks]: No, he had not been.

> [Defense Counsel]: Did he agree to speak with you?
>
> **[Detective Meeks]: Yes. He said he did wish to waive his rights, but he wanted to talk to us to find out more about the investigation.**
>
> [Defense Counsel]: Did he agree to sign any type of waiver?
>
> [Detective Meeks]: We didn't have a waiver.
>
> [Defense Counsel]: Okay. You indicated that *he did waive*, and he was free to talk to you?
>
> [Detective Meeks]: Yes.

Doc. 62 at 252-53 (emphasis added). Thus, almost immediately after the statement in question, defense counsel clarified, "[o]kay. You indicated that *he did waive*, and he was free to talk to you?" Doc. 62 at 253 ll. 16-17 (emphasis added). Detective Meeks confirmed he did. Doc. 62 at 253 l. 18. Thus, contrary to counsel for Defendant's assertion that the transcript is in error, further reading of that exchange supports the accuracy of the testimony as transcribed.[4]

---

[4] The Court notes, however, that in the Government's Response to Defendant's Motion to Suppress (Doc. 34), the Government states:

> The defendant advised that although he did not want to waive his rights, the defendant voluntarily agreed to answer questions to get an understanding of what was going on with the investigation.

Doc. 34 at 5. Moreover, Defendant correctly notes that Government's Exhibit 8A, Detective Meeks' Affidavit and Application for Search Warrant for the five USB drives, similarly states:

> Harling advised he did not wish to waive his rights but would answer questions to get an understanding what was going on with the investigation.

Gov't Ex. 8A at 11. Because counsel for Defendant clarified Detective Meeks' testimony at issue, which Detective Meeks confirmed, it appears to the Court that the transcript is correct. Any inconsistency between Detective Meeks' testimony at the suppression hearing and his affidavit or other record evidence is properly analyzed in the context of a credibility determination.

*b. Doc. 62, page 299, line 3*

Counsel for Defendant also contends that the following statement by Detective Meeks also was transcribed in error: "I *just said* she had found child pornography on all three drives." Doc. 62 at 299 ll. 3-4 (emphasis added). Instead, defense counsel suggests the transcript should read: "I *didn't say* she found child pornography on all three drives." Doc. 87 at 2 (emphasis added). The statement at issue occurred as part of the following exchange:

> [Defense Counsel]: So when you testified she reviewed all three drives yesterday, and in the context you were testifying in, you meant all she did was open the file and saw the cleaning software and that's it?
>
> [Detective Meeks]: No. I said she reviewed all the three drives. That's what I meant in my context. She looked at all three drives.
>
> [Defense Counsel]: In the context you were discussing how she found child pornography on these drives, weren't you?
>
> **[Detective Meeks]: I just said she had found child pornography on all three drives.**
>
> [Defense Counsel]: You're testifying about what she had found, and that it was child pornography; correct?
>
> [Detective Meeks]: Yes, sir.

Doc. 62 at 298-99. The statement at issue, that "she had found" child pornography, when read in the context of the overall conversation, does not appear to be in error. Rather, its accuracy appears to be confirmed by defense counsel's follow-up question.

*c. Doc. 62, page 284, line 1*

Counsel for Defendant next contends that the following statement by Detective Meeks is also incorrectly transcribed: "The purpose of the call was to identify - - *he*

- 6 -

*was definitely the owner* and to identify where the kids were." Doc. 62 at 284 ll. 1-3 (emphasis added). Without offering any support for the suggestion, Defendant suggests that instead of the highlighted language above, "[t]he correct statement was probably '*to identify the owner*.'" Doc. 87 at 3 (emphasis added). That statement occurred as part of the following exchange:

> [Defense Counsel]: Do you recall in your sworn affidavit saying that the purpose of the call was to see if Mr. Harling would claim ownership of the drives?
>
> [Detective Meeks]: Yes, sir.
>
> [Defense Counsel]: And that's what you put in your affidavit; is that correct?
>
> [Detective Meeks]: Yes, sir.
>
> [Defense Counsel]: And the purpose of the call was to try to make a criminal case against Mr. Harling?
>
> [Detective Meeks]: The purpose of the call was to identify -- **he was definitely the owner** and to identify where these kids were. Because these kids could be in immediate danger.
>
> [Defense Counsel]: So. In your sworn statement where you say it was an attempt to see if he would claim ownership, and you didn't say anything about it was an attempt to locate him, **so that would just be an admission on your part**?
>
> [Detective Meeks]: Based on what?
>
> [Defense Counsel]: In these sworn affidavits for the search warrant, you put that the purpose was to see if he would claim ownership of the drives; correct?
>
> [Detective Meeks]: Yes, sir.
>
> [Defense Counsel]: So, um, you knew who the target was; correct?

>[Detective Meeks]: We had a pretty good - - yes.
>
>[Defense Counsel]: Yeah. And you didn't put in there that any - - this had anything to do with locating him; is that correct?
>
>[Detective Meeks]: I didn't put that in the affidavit. Absolutely not.

Doc. 62 at 283-84.

Although counsel for Defendant suggests the transcript is in error "based upon the context of the text," the Court disagrees. On the contrary, the context of the conversation suggests that Detective Meeks' sworn affidavits indicated that the purpose of the call was to identify the owner of the drives. This is reiterated by both defense counsel, through his questions as to the content of the affidavits, and by Detective Meeks, through his answers to those questions. The Court cannot conclude that, upon a reasonable reading, the transcript is in error; and counsel points to no other evidence or testimony that contradicts this portion of the transcript to support his contention of error.

### d. Doc. 62, page 284, line 9

Finally, Defendant argues that the following statement, also included in the conversation quoted in part II(c) above was in error: "[S]o that would just be an *admission* on your part?" Doc. 87 at 3 (emphasis added). Defense counsel instead suggests that "[t]he correct statement was probably 'an *omission*.'" *Id.* (emphasis added). Based on the context of the conversation, the inclusion of *admission* rather than *omission* is not clearly an error. The quoted provision could be read as attempting to elicit an *admission* from Detective Meeks that the police already

suspected Defendant was the owner of the drives. Even if, as Defendant suggests, the transcript should read "omission," Defendant's assertion that the transcript is "probably" incorrect does not rebut the prima facie presumption the transcript is correct.

Upon review of the transcript, the Court finds that Defendant has not offered sufficient evidence to rebut the statutory presumption that the certified, official transcript filed in this case is prima facie correct. Even assuming *arguendo* that the cited portions *might* contain errors, these "errors" are not dispositive to the Court's resolution of the Motion to Suppress. Therefore, the motion is denied.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendant's Motion to Exceed Local Page Limit Restriction (Doc. 86) is **GRANTED**. The Court will accept Defendant's Objection to Report and Recommendation (Doc. 82) as filed.

2. Defendant's Motion for Correction of Official Transcript (Doc. 87) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 20th day of June, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:

Counsel of record